UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD DEAN de CRUZ,<br><br>    Plaintiff,<br><br>  v.<br><br>A. PANIZZA,<br><br>    Defendant. | Case No. 15-cv-1930-TEH<br><br>ORDER OF DISMISSAL WITH LEAVE TO AMEND |

Plaintiff, an inmate at San Quentin State Prison, filed this pro se civil rights action under 42 U.S.C. § 1983.[1] Plaintiff is granted leave to proceed in forma pauperis in a separate order. His complaint is now before the Court for initial screening pursuant to 28 U.S.C. § 1915A.

I

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a

---

[1] Plaintiff has filed the action as a motion for a preliminary injunction, but the Court will interpret the filing as a civil rights action that also requests a preliminary injunction.

1    defendant who is immune from such relief." Id. § 1915A(b).
2    Pleadings filed by pro se litigants, however, must be liberally
3    construed. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010);
4    <u>Balistreri v. Pacifica Police Dep't.</u>, 901 F.2d 696, 699 (9th Cir.
5    1990).
6         To state a claim under 42 U.S.C. § 1983, a plaintiff must
7    allege two essential elements: (1) that a right secured by the
8    Constitution or laws of the United States was violated, and (2)
9    that the alleged violation was committed by a person acting under
10   the color of state law. <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988).
11                                  II
12                                   A
13        In his complaint, Plaintiff seeks a preliminary injunction
14   to stop the destruction of legal property in his possession that
15   is required for his criminal appeal. Plaintiff is a condemned
16   prisoner and is represented by counsel on appeal. He argues that
17   the legal property is necessary to demonstrate that counsel is
18   ineffective and there is a conflict of interest.
19        Plaintiff states that in March 2015, inmates were informed
20   that the prison was going to only allow six cubic feet of
21   personal property and all excess property would be sent home or
22   destroyed. Plaintiff states there was not sufficient time to
23   file inmate appeals, so he sent his property to the property
24   office for storage. On April 15, 2015, Plaintiff was notified
25   that property he sent to the property office must either be sent
26   home or would be destroyed. In the complaint, Plaintiff states
27   that the property will be destroyed by April 28-30, 2015. The
28   Court received Plaintiff's filing on April 29, 2015, though a

completed in forma pauperis application was not filed until May 13, 2015.

B

Allegations of destruction or confiscation of legal documents may state a claim for denial of access to the courts. See Morello v. James, 810 F.2d 344, 346-348 (2d Cir. 1987). A plaintiff must allege an "actual injury" to court access, however, which consists of some specific "instance in which an inmate was actually denied access to the courts." Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir. 1989). Only if an actual injury is alleged does a plaintiff state a claim for which relief can be granted. See id.; see, e.g., Jenkins v. McMickens, 618 F. Supp. 1472, 1474-75 (S.D.N.Y. 1985) (complaint alleging certain documents pertaining to pending trial confiscated and not returned to conclusory to support claim of denial of access to court).

To the extent that Plaintiff seeks injunctive relief, it would appear that the issue is moot if the property was destroyed at the same time the Court received the complaint. If Plaintiff still seeks injunctive relief or other relief, the case is still dismissed with leave to amend. Plaintiff must describe in detail the legal documents that are vital for his criminal appeal and how the lack of the property has resulted in an actual injury. Plaintiff states that his appointed death penalty attorneys were assigned without his consultation. Plaintiff also disagrees with the decisions of the attorneys with respect to the fact that he is a Freemason. He must provide additional information on the contents of the legal documents and present more allegations of

an actual injury.

## III

Plaintiff has also requested a preliminary injunction regarding his legal property. "A preliminary injunction is 'an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" Lopez v. Brewer, et al., 680 F.3d 1068, 1072 (9th Cir. 2012) (citation omitted) (emphasis in original). The standard for issuing a TRO is similar to that required for a preliminary injunction. See Los Angeles Unified Sch. Dist. v. United States Dist. Court, 650 F.2d 1004, 1008 (9th Cir. 1981) (Ferguson, J., dissenting). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008).

For the same reasons noted above, Plaintiff's request for a preliminary injunction is denied. He has not sufficiently described the legal documents that will be destroyed and how they are necessary to demonstrate that his appointed attorneys are ineffective. As a result, he has not shown that he is likely to succeed on the merits or suffer irreparable harm.

## IV

For the foregoing reasons, the Court hereby orders as follows:

1. Plaintiff's Complaint is DISMISSED WITH LEAVE TO FILE A

4

FIRST AMENDED COMPLAINT containing all related claims against all Defendants that Plaintiff wishes to proceed against in this action.  The pleading must be simple, concise and direct and must state clearly and succinctly how each and every Defendant is alleged to have violated Plaintiff's federally-protected rights. See Leer, 844 F.2d at 634.  The pleading must include the caption and civil case number used in this order and the words COURT ORDERED FIRST AMENDED COMPLAINT on the first page.  Plaintiff is advised that he must file all of his claims in one complaint and not present them piecemeal to the Court in various letters and other documents.  Failure to file a proper First Amended Complaint within twenty-eight days of this order will result in the dismissal of this action without prejudice.

2. Plaintiff is advised that the First Amended Complaint will supersede the original Complaint and all other pleadings. Claims and defendants not included in the First Amended Complaint will not be considered by the Court.  See Lacey v. Maricopa County, 693 F.3d 896 (9th Cir. 2012) (en banc) ("For claims dismissed with prejudice and without leave to amend, we will not require that they be repled in a subsequent amended complaint to preserve them for appeal. But for any claims voluntarily dismissed, we will consider those claims to be waived if not repled.").

3. It is Plaintiff's responsibility to prosecute this action.  Plaintiff must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal

of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

    4.   Plaintiff's request for a preliminary injunction (Docket No. 1) is DENIED.

IT IS SO ORDERED.

Dated: 06/02/2015

                                        /s/ Thelton Henderson
THELTON E. HENDERSON
United States District Judge

G:\PRO-SE\TEH\CR.15\ Dean1930.dwlta.docx