UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD DEAN de CRUZ,<br><br>        Plaintiff,<br><br>    v.<br><br>A. PANIZZA,<br><br>        Defendant. | Case No.  15-cv-1930-TEH<br><br>ORDER OF DISMISSAL |

Plaintiff, an inmate at San Quentin State Prison, filed this pro se civil rights action under 42 U.S.C. § 1983. The original complaint was dismissed with leave to amend and Plaintiff has filed an amended complaint.

I

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pleadings filed by pro se litigants, however, must be liberally construed. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir.

1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

## II

### A

Plaintiff is a condemned prisoner and is represented by appointed counsel on his criminal appeal.  In the original complaint Plaintiff argued that important legal property had been destroyed by Defendant that was vital to demonstrate that his appointed appellate counsel is ineffective and there is a conflict of interest.  The complaint was dismissed with leave to amend for Plaintiff to describe in detail the legal documents that were vital for his criminal appeal and how the lack of the property has resulted in an actual injury.

### B

Allegations of destruction or confiscation of legal documents may state a claim for denial of access to the courts.  See Morello v. James, 810 F.2d 344, 346-348 (2d Cir. 1987).  A plaintiff must allege an "actual injury" to court access, however, which consists of some specific "instance in which an inmate was actually denied access to the courts." Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir. 1989).  Only if an actual injury is alleged does a plaintiff state a claim for which relief can be granted.  See id.; see, e.g., Jenkins v. McMickens, 618 F. Supp. 1472, 1474-75 (S.D.N.Y. 1985) (complaint alleging certain

documents pertaining to pending trial confiscated and not returned to conclusory to support claim of denial of access to court).

Plaintiff states that in March 2015, inmates were informed that the prison was going to only allow six cubic feet of personal property and all excess property would be sent home or destroyed. At this time Plaintiff was in the process of finishing a motion regarding the conflict of interest and ineffectiveness of his appointed appellate counsel. It appears that Plaintiff was not able to file the motion or was missing key exhibits.

However, Plaintiff has still failed to describe how he has suffered an actual legal injury. Plaintiff's state appeal and state habeas petition continue. See S029843, S206963. Plaintiff can still submit a motion regarding the conflict of interest and how appointed counsel is ineffective. Because Plaintiff has failed to demonstrate an actual injury, he is not entitled to relief.[1] As Plaintiff has already been provided leave to amend and because it would be futile to allow further amendment, this case is dismissed with prejudice.

III

For the foregoing reasons, the Court hereby orders as follows:

1. Plaintiff's amended complaint is DISMISSED with

---

[1] Moreover, Plaintiff's allegations regarding how counsel is ineffective are not clear. Plaintiff spends a great deal of the amended complaint discussing the Knights Templar and Freemasonry and his ancestry. It appears that disagreements with counsel regarding Plaintiff's ancestry and how it should be used in his appeal have led to Plaintiff's desire for a different attorney.

3

prejudice for failure to state a claim.

    2.  Plaintiff's request for a temporary restraining order (Docket No. 12) is DENIED for the reasons set forth in the Court's prior screening order.

    3.  The Clerk shall close this case.

IT IS SO ORDERED.

Dated: 07/09/2015

_____
THELTON E. HENDERSON
United States District Judge

G:\PRO-SE\TEH\CR.15\Dean1930.dis.docx

4