UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD DEAN de CRUZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>A. PANIZZA,<br><br>　　　　Defendant. | Case No. 15-cv-1930-TEH<br><br>ORDER TO REOPEN AND FOR SERVICE |

Plaintiff, an inmate at San Quentin State Prison, filed this pro se civil rights action under 42 U.S.C. § 1983. The case was dismissed and closed at screening, but Plaintiff filed an appeal. The Ninth Circuit affirmed in part, vacated in part, and remanded the case. The Circuit found that the Court properly dismissed the access to courts claim but remanded the case to consider Plaintiff's allegation that Defendant improperly opened and read his legal mail.

I

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a

1 defendant who is immune from such relief." Id. § 1915A(b).
2 Pleadings filed by pro se litigants, however, must be liberally
3 construed. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010);
4 <u>Balistreri v. Pacifica Police Dep't.</u>, 901 F.2d 696, 699 (9th Cir.
5 1990).
6     To state a claim under 42 U.S.C. § 1983, a plaintiff must
7 allege two essential elements: (1) that a right secured by the
8 Constitution or laws of the United States was violated, and (2)
9 that the alleged violation was committed by a person acting under
10 the color of state law. <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988).

## II

12     Plaintiff alleges that his legal mail was opened and
13 possibly read outside of his presence.
14     "Legal mail" may not be read or copied without the
15 prisoner's permission. See <u>Casey v. Lewis</u>, 43 F.3d 1261, 1269
16 (9th Cir. 1994), rev'd on other grounds, 518 U.S. 343 (1996).
17 The Ninth Circuit has emphasized that there is a clear difference
18 between inspecting outgoing legal mail for contraband and reading
19 it under <u>Wolff v. McDonnell</u>, 418 U.S. 539, 577 (1974), such that
20 prison officials may not circumvent this prohibition by reading
21 an inmate's outgoing legal mail in his presence because this
22 practice does not ameliorate the chilling effect on the inmate's
23 Sixth Amendment rights. See <u>Nordstrom v. Ryan</u>, 762 F.3d 903, 911
24 (9th Cir. 2014) (reversing district court's dismissal of the
25 complaint for failure to state a claim after finding complaint
26 stated a cognizable 6th Amendment claim based on prisoner's
27 allegations that prison officials read his legal mail, that they
28 claimed entitlement to do so, and his right to private

2

consultation with counsel was chilled).  But again, prison officials may establish that legitimate penological interests justify the policy or practice.  See O'Keefe v. Van Boening, 82 F.3d 322, 327 (9th Cir. 1996).

Plaintiff alleges that one of his legal boxes was delivered and was nearly empty of its contents in that all of his legal papers, confidential correspondence from attorneys, and exhibits were taken out of the envelopes and strewn about.  He states that Defendant may have read the mail and many items were missing. Liberally construed, these allegations are sufficient to proceed.

## III

For the foregoing reasons, the Court hereby orders as follows:

1. The Order of Dismissal (Docket No. 14) is VACATED and the case is REOPENED.  The action continues on the claim that Defendant opened and read Plaintiff's confidential legal mail. All other claims are dismissed.

2. The Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the amended complaint (Docket No. 13), and a copy of this order upon the following Defendant A. Panizza, a correctional/property officer at San Quentin State Prison.

3. In order to expedite the resolution of this case, the Court orders as follows:

   a. No later than 91 days from the date of service, Defendants shall file a motion for summary judgment or other dispositive motion.  The motion shall be supported by adequate factual documentation and shall conform in all respects to

1  Federal Rule of Civil Procedure 56, and shall include as exhibits
2  all records and incident reports stemming from the events at
3  issue.  If Defendant is of the opinion that this case cannot be
4  resolved by summary judgment, he shall so inform the Court prior
5  to the date his summary judgment motion is due.  All papers filed
6  with the Court shall be promptly served on the plaintiff.

7  　　　　b.  At the time the dispositive motion is served,
8  Defendants shall also serve, on a separate paper, the appropriate
9  notice or notices required by Rand v. Rowland, 154 F.3d 952, 953-
10 954 (9th Cir. 1998) (en banc), and Wyatt v. Terhune, 315 F.3d
11 1108, 1120 n. 4 (9th Cir. 2003).  See Woods v. Carey, 684 F.3d
12 934, 940-941 (9th Cir. 2012) (Rand and Wyatt notices must be
13 given at the time motion for summary judgment or motion to
14 dismiss for nonexhaustion is filed, not earlier); Rand at 960
15 (separate paper requirement).

16 　　　　c.  Plaintiff's opposition to the dispositive motion,
17 if any, shall be filed with the Court and served upon Defendants
18 no later than thirty days from the date the motion was served
19 upon him.  Plaintiff must read the attached page headed "NOTICE -
20 - WARNING," which is provided to him pursuant to Rand v. Rowland,
21 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and Klingele v.
22 Eikenberry, 849 F.2d 409, 411-12 (9th Cir. 1988).

23 　　If Defendants file a motion for summary judgment claiming
24 that Plaintiff failed to exhaust his available administrative
25 remedies as required by 42 U.S.C. § 1997e(a), plaintiff should
26 take note of the attached page headed "NOTICE -- WARNING
27 (EXHAUSTION)," which is provided to him as required by Wyatt v.
28 Terhune, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003).

        d.  If Defendant wishes to file a reply brief, he shall do so no later than fifteen days after the opposition is served upon him.

        e.  The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the court so orders at a later date.

    4.  All communications by Plaintiff with the court must be served on defendant, or defendant's counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

    5.  Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) is required before the parties may conduct discovery.

    6.  It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address."  He also must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

    IT IS SO ORDERED.

Dated: 2/9/2017

                                            THELTON E. HENDERSON
                                            United States District Judge

G:\PRO-SE\TEH\CR.15\Dean1930.serve.docx

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial.

**NOTICE -- WARNING (EXHAUSTION)**

If defendants file a motion for summary judgment for failure to exhaust, they are seeking to have your case dismissed.  If the motion is granted it will end your case.

You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies.  Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions. If defendants file a motion for summary judgment for failure to exhaust and it is granted, your case will be dismissed and there will be no trial.