UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD DEAN de CRUZ,<br>　　　Plaintiff,<br>　v.<br>A. PANIZZA,<br>　　　Defendant. | Case No. 15-cv-1930-TEH<br><br>ORDER<br><br>Dkt. No. 36 |

Plaintiff, an inmate at San Quentin State Prison, filed this pro se civil rights action under 42 U.S.C. § 1983. The case was dismissed and closed at screening, but Plaintiff filed an appeal. The Ninth Circuit affirmed in part, vacated in part, and remanded the case. The Circuit found that the Court properly dismissed the access to courts claim but remanded the case to consider Plaintiff's allegation that Defendant improperly opened and read his legal mail. The Court reopened the case and ordered service. Plaintiff has filed a second amended complaint with additional claims and Defendants. Defendants have requested the Court screen the second amended complaint.

I

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss

the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pleadings filed by pro se litigants, however, must be liberally construed. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010); <u>Balistreri v. Pacifica Police Dep't.</u>, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988).

II

The Court previously ordered service on Defendant A. Panizza for the claim that he opened and read Plaintiff's confidential legal mail. Plaintiff repeats these allegations and also argues that Defendants Polanco and Mithcell were part of a conspiracy to deny Plaintiff's inmate appeals and Defendant Davis is liable as a supervisor.

Plaintiff is informed there is no constitutional right to a prison administrative appeal or grievance system. See <u>Ramirez v. Galaza</u>, 334 F.3d 850, 860 (9th Cir. 2003); <u>Mann v. Adams</u>, 855 F.2d 639, 640 (9th Cir. 1988). A civil conspiracy is a combination of two or more persons who, by some concerted action, intend to accomplish some unlawful objective for the purpose of harming another which results in damage. <u>Gilbrook v. City of Westminster</u>, 177 F.3d 839, 856 (9th Cir. 1999). To prove a civil

conspiracy, the plaintiff must show that the conspiring parties reached a unity of purpose or common design and understanding, or a meeting of the minds in an unlawful agreement. Id. To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy. Id.

"In a § 1983 or a Bivens action – where masters do not answer for the torts of their servants – the term 'supervisory liability' is a misnomer. Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009) (finding under Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Rule 8 of the Federal Rules of Civil Procedure, that complainant-detainee in a Bivens action failed to plead sufficient facts "plausibly showing" that top federal officials "purposely adopted a policy of classifying post-September-11 detainees as 'of high interest' because of their race, religion, or national origin" over more likely and non-discriminatory explanations).

A supervisor may be liable under section 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. Henry A. v. Willden, 678 F.3d 991, 1003-04 (9th Cir. 2012) (citing Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011)). A plaintiff must also show that the supervisor had the requisite state of mind to establish liability, which turns on the requirement of the particular claim — and, more specifically, on the state of mind

3

required by the particular claim – not on a generally applicable concept of supervisory liability. <u>Oregon State University Student Alliance v. Ray</u>, 699 F.3d 1053, 1071 (9th Cir. 2012). Plaintiff has failed to present sufficient allegations against the supervisor defendants.

Plaintiff alleges that Defendant Polanco spoke to him about his inmate appeal and said he would grant it but instead denied the appeal. Plaintiff states that Defendant Mitchell told Plaintiff his appeal was cancelled because Plaintiff previously refused to be interviewed, which Plaintiff states was false. Plaintiff's allegations against Polanco and Mitchell fail to state a claim. There is no constitutional right to a prison administrative appeal system and Plaintiff has failed to demonstrate that there was any conspiracy between these Defendants. Nor has Plaintiff shown that Warden Davis is liable as a supervisor, based on the caselaw set forth above.

The new Defendants are dismissed with prejudice from this action. The case continues against Defendant A. Panizza for the claim that he opened and read Plaintiff's confidential legal mail. To the extent that Defendant argues Plaintiff has failed to exhaust this claim, Defendant must file the appropriate motion.

III

For the foregoing reasons, the Court hereby orders as follows:

1. Defendant's request for screening (Docket No. 36) is GRANTED.

2. The action continues on the claim that Defendant Panizza

4

opened and read Plaintiff's confidential legal mail.  All other Defendants are DISMISSED.  The parties shall review the Order of Service (Docket NO. 29) which remains in effect.

    3.  It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address."  He also must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

    IT IS SO ORDERED.

Dated: 5/15/2017

THELTON E. HENDERSON  
United States District Judge

G:\PRO-SE\TEH\CR.15\Dean1930.ord.docx